[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 88.]

THE STATE EX REL. ELYRIA FOUNDRY COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 1998-Ohio-366.]

*Workers' compensation—Mandamus action challenging Industrial Commission's award of temporary total disability compensation lacks ripeness, when.*

(No. 95-1501—Submitted March 24, 1998—Decided June 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-880.

————————————

{¶ 1} In 1991, appellee-claimant, L.B. Woolbright, filed an occupational disease claim, alleging that he had contracted silicosis in the course of his employment with appellant Elyria Foundry Company ("EFC"). A district hearing officer of appellee Industrial Commission of Ohio allowed the claim for silicosis and awarded temporary total disability compensation ("TTD"). The order was administratively affirmed.

{¶ 2} EFC objected to this order. EFC objected to the allowance of the claim in its entirety because it believed that claimant had contracted his alleged silicosis with an earlier employer. EFC alternatively contended that even if it was the amenable employer, claimant's alleged temporary total disability was partially due to nonindustrial conditions.

{¶ 3} EFC, pursuant to R.C. 4123.512, appealed the allowance of the claim to the Lorain County Common Pleas Court. That case remains pending.

{¶ 4} EFC also commenced a mandamus action in the Court of Appeals for Franklin County, challenging the commission's award of TTD. The court of appeals denied the writ, after finding that EFC's common pleas appeal provided it with an adequate remedy at law.

{¶ 5} This cause is now before this court upon an appeal as of right.

*Licata & Crosby Co., L.P.A., Elizabeth A. Crosby* and *Ellyn Tamulewicz*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jeffrey B. Duber*, Assistant Attorney General, for appellee Industrial Commission.

*Shapiro, Kendis & Associates Co., L.P.A., James D. Kendis* and *Rachel B. Jaffy*, for appellee Woolbright.

***Per Curiam.***

**{¶ 6}** Appellees successfully argued below that mandamus was inappropriate. We affirm the denial of the writ, but do so for a reason other than that given by the court of appeals.

**{¶ 7}** We find that the controversy presented by EFC's mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.

{¶ 8} EFC is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question, *if* the claim is allowed, and *if* it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review.

{¶ 9} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————