THE STATE EX REL. JENNINGS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, ET AL., APPELLEES.

[Cite as *State ex rel. Jennings v. Indus. Comm.,*
98 Ohio St.3d 288, 2003-Ohio-737.]

(No. 2001–1380—Submitted February 12, 2003—Decided March 5, 2003.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Tina Jennings, was industrially injured on February 8, 1999. She was fired in June of that year for unexcused absenteeism. There is no evidence that she secured other employment thereafter.

{¶ 2} In September 1999, she had surgery for her allowed conditions and requested temporary total disability compensation ("TTC"). Appellee Industrial Commission of Ohio denied TTC, finding that claimant's termination constituted a voluntary abandonment of her former position of employment. Unsuccessful in her petition in mandamus at the Court of Appeals for Franklin County, claimant now appeals to this court as of right.

{¶ 3} Following the lead of *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355, our recent decision in *State ex rel. McCoy v. Dedicated Transport, Inc.,* 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, relaxed the prohibition against TTC to claimants who had been fired from the former position of employment. At syllabus, we held:

{¶ 4} "A claimant who voluntarily abandoned his or her former position of employment or who was fired under circumstances that amount to a voluntary abandonment of the former position would be eligible to receive temporary total disability compensation pursuant to R.C. 4123.56 if he or she reenters the work force and, due to the original industrial injury, becomes temporarily and totally disabled *while working at his or her new job.*" (Emphasis added.)

{¶ 5} We stressed, however, that "[i]t is important to note that this holding is limited to claimants who are gainfully employed at the time of their subsequent

disabilities." Id. at ¶ 40. In the present case, there is no evidence that claimant secured another job or was removed from subsequent employment by her industrial injury. Accordingly, the commission did not abuse its discretion in denying TTC.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

_____

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.