OPINION
{¶ 1} Robert J. Robinson and Edward V. Christian ("appellants"), appeal from the judgment of the Franklin County Court of Common Pleas dismissing their R.C. 119.12 appeal from an order of the Ohio Elections Commission ("appellee").[1]
Appellee's order found appellants' organization in violation of R.C. 3517.11(C) and imposed a fine upon the organization in the amount of $100. For the reasons that follow, we reverse.
 {¶ 2} Appellants are members of an association of individuals who call themselves "Marion County Citizens for Tax Reform" ("CTR"). On January 8, 2003, the Marion County Board of Elections referred a complaint to appellee regarding CTR's alleged failure to file complete financial reports for the 2002 general election cycle. Pursuant to notice, the commission held a hearing on the matter. The evidence adduced at the hearing reveals that CTR, comprised of about 125 individuals, is a group formed for the purpose of advocating against increased property taxes. Mr. Christian admitted that one aim of the group was to defeat two candidates for local office that the group felt were responsible for raising property taxes.
 {¶ 3} It was the position of appellee's executive director that CTR's activities bring it within the definition of a "political action committee" contained in R.C. 3517.01(B)(8). If CTR is in fact a political action committee, pursuant to R.C.3517.10(B)(4)(b)(i), then CTR would be required to file reports listing the full name and address of each person who made financial contributions to the group's efforts. Any anonymous donations must also be listed, including the circumstances under which the donation was received, and the reason the donation cannot be attributed to a specific donor. R.C. 3517.10(C)(2). The record reveals that CTR had filed its financial reports, but failed to include a listing and identification of its donors. The Marion County Board of Elections initially brought this deficiency to CTR's attention, but CTR did not correct the report.
 {¶ 4} Upon submission of the complaint and the evidence adduced at the hearing, appellee found CTR had violated R.C.3517.10, and imposed a fine of $100. Appellee notified CTR of its decision by letter dated May 9, 2003, and sent the same via certified mail, return receipt requested. The letter contained the following statement:
If the decision in this case is adverse to you, this case may be appealed pursuant to Ohio Revised Code § 119.12 by filing a notice of appeal with the Clerks (sic) office for the Franklin County Court of Common Pleas.
CTR received the letter on May 10, 2003.
 {¶ 5} On June 6, 2003, appellants filed their notice of appeal with the Franklin County Court of Common Pleas. By decision dated September 5, 2003, and a judgment entry journalized November 18, 2003, the trial court sustained appellee's motion to dismiss. Specifically, the court found that appellants' appeal was untimely because it was filed more than 15 days after their receipt of appellee's order. This 15-day appeal period is set forth in R.C. 119.12, the statute that authorizes appeals from orders of appellee.
 {¶ 6} On appeal to this court, appellants assert four assignments of error, as follows:[2]
1. First assignment of error, the trial court failed to consider paragraph (E) In accordance with division (L) of section3517.10 of Revised Code, this rule does not apply to contributions received by a political contributing entity from the dues, membership fees, or other assessments of its members, or from its officers, shareholders and employees to the extent that its, membership fees, or other assessments may be aggregated for reporting purposes.
2. Second assignment of error. The Franklin County Common Pleas Court, in our opinion did not have subject matter jurisdiction of this case, because all aspects of this case could and should have been heard here in Marion county Ohio. We have an Election Board, as well as a Common Pleas Court, that could have decided this case much more economically. We also construe R.C. 3501.11, (J) Duties of Board. to also give jurisdiction to the county board of elections and the county prosecutor, wherein it states "investigate iregularities, nonpreformance of duties, orviolations of Title XXX [35] of the Revised Code by electionofficers and other persons, administer oaths, issue subpoenas,summon witnesses, and compel the production of books, papers,records, and other evidence in connection with any suchinvestigation; and report the facts to the prosecuting attorney".(Emphasis) wherein is there a state compelling interest? We could agree with the Ohio Election's Commission if, we had of campaigned for a candidate for state office or some state issue, however this was not the case. The state does not have a compelling interest here.
3. The third error comes by the fact, that the trial court did not apply the "Buckley Test." even though ample evidence was introduced to the court.
4. One thing that really troubled us greatly was the fact that we tried to do everything by the book. We wanted to be legal in every respect, that's why we spoke with the local director here in Marion, we believed that she knew what she was telling us to be true and we accepted it. But look what one of the Commissioners had to say about our efforts to get it right. Page 24 of the Transcript begining at 23, "Now it's unfortunate that you got advice from the Board of Elections, they are not your attorney, And if that advice was wrong that happened to your detriment.["] We haven't had an attorney from day one, including even now, we could not afford the luxury of having an attorney. We realize and understand that we did not dot every I, or cross every T, but we feel that we deserve a fair shake on this subject matter, and this Court must rule in our favor as a matter of right and the law.
 {¶ 7} Appellants' assignments of error involve the legality and propriety of appellee's order, which issues were never reached by the trial court. Accordingly, they are not properly addressed to this court. Appellants do not address, in their assignments of error, the trial court's finding that their appeal to that court was untimely filed, and that the trial court thus lacked jurisdiction over the appeal. Appellee, on the other hand, devotes the full measure of its brief to the issue of the untimeliness of appellants' appeal to the trial court.
 {¶ 8} At oral argument, the court brought to the parties' attention that appellee's May 9, 2003 order did not appear to comply with R.C. 119.09, which provides, in pertinent part, that appellee, "shall serve [any order] by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method bywhich an appeal may be perfected." (Emphasis added.) Specifically, this court noted that the May 9, 2003 order does not contain a statement that appellants' appeal was required to be perfected no later than 15 days from the date of mailing of the order. See R.C. 119.12.
 {¶ 9} By entry journalized April 29, 2004, this court sua sponte granted the parties an extension of time until May 5, 2004, to brief the adequacy of the notice contained in appellee's May 9, 2003 order. Both parties availed themselves of this opportunity. In appellee's supplemental brief, it conceded that the notice contained in the May 9, 2003 order fails to comply with R.C. 119.09.
 {¶ 10} "The fifteen-day appeal period provided in R.C. 119.12
does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." Sun Refining Marketing Co. v. Brennan
(1987), 31 Ohio St.3d 306, 511 N.E.2d 112, syllabus. In accordance with this precedent, we are compelled to find that the time for appeal from appellee's May 9, 2003 order has not begun to run; thus, appellants' appeal to the court of common pleas was not untimely. In fact, it was essentially premature, and the court of common pleas could not have acquired jurisdiction to pass upon the merits of the appeal until an order fully compliant with R.C. 119.09 had been served upon appellants.
 {¶ 11} We are bound, under Sun Refining to reverse the judgment of the court of common pleas and return this matter to the common pleas court with instructions to dismiss. Furthermore, pursuant to the Sun Refining court's comment at footnote two of its opinion, when appellee complies with R.C. 119.09, and sends an order fully compliant therewith, CTR may file a new notice of appeal within 15 days after the date of mailing of appellee's order.
 {¶ 12} In consideration of all of the foregoing, we overrule all of appellants' assignments of error as moot, we reverse the judgment of the Franklin County Court of Common Pleas, and remand with instructions to dismiss.
Judgment reversed and cause remanded with instructions.
Bryant and Brown, JJ., concur.
[1] The caption of appellants' original notice of appeal to the court of common pleas lists "Philip C. Richter, Executive Director, Ohio Election Commission" as the named defendant. This caption remains unchanged. For purposes of discussion, however, the term "appellee" in this opinion signifies the Ohio Elections Commission as the real party-defendant.
[2] All typographical and other errors, as well as any emphasis, appear in the original merit brief of appellants.