OPINION
{¶ 1} Appellant, Robert J. Robinson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing for lack of jurisdiction his appeal from an order of appellee, Ohio Elections Commission ("commission"), that found no violation following a preliminary review of appellant's complaint before the commission. Robinson assigns a single error:
Assignment of Error No. 1. On page two (2) of the Trial Courts [sic] Decision and Judgment Entry, it is stated, "A party may appeal a decision of the Commission pursuant to R.C. 119.12. Pursuant to R.C. 119.12, an appeal from an agency's order must be filed with both the Commission and the Court within 15 days of the date of the order: (Emphasis) This could not possibly hold true, because it's quite possible the Order would be held up for days or weeks before being mailed out. We believe R.C. 119.09 to be a prerequisite to R.C. 119.12 and R.C. 119.09 must be complied with completely, before 119.12 comes into play.
Because appellant attempted to appeal to the common pleas court an order that is not appealable, we affirm.
 {¶ 2} Appellant Robinson, Treasurer of Marion County Citizens for Tax Reform ("CTR"), and other individuals, filed a complaint with the commission against Josh Daniels, a member of the Marion County Board of Elections. The case was scheduled for a preliminary review on September 18, 2003 before a panel of the commission. Robinson, Daniels, and two other witnesses affiliated with CTR were sworn in at the hearing and testified regarding the allegations in the complaint, and members of the panel questioned the witnesses. Ultimately, the commission voted unanimously that no violation of Ohio law occurred, and it dismissed appellant's complaint.
 {¶ 3} The commission sent notice of the dismissal on October 7, 2003, and appellant appealed. Although the notice of appeal was timely filed with the commission on October 21, 2003, it was not filed in the common pleas court until October 23, 2003. Concluding appellant's notice of appeal was not timely filed in the common pleas court under R.C. 119.12, the trial court dismissed the appeal for lack of jurisdiction.
 {¶ 4} In his single assignment of error, appellant asserts the trial court misapplied the time constraints of R.C 119.12, because the notice the commission sent advising appellant of his right to appeal does not comply with the minimum requirements of R.C. 119.09.
 {¶ 5} R.C. 3517.157(D) provides that a party "adversely affected" by a "final determination" of the commission may appeal under R.C. 119.12. Pursuant to R.C. 119.12, a party that appeals an agency's order must file its notice of appeal within 15 days of the date of the order. R.C. 119.09, in turn, sets forth the required contents of the agency's notice of its order, providing that the commission "shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method bywhich an appeal may be perfected." (Emphasis added.) Here, the notice to appellant stated: "If the decision in this case is adverse to you, this case may be appealed pursuant to Ohio Revised Code § 119.12 by filing a notice of appeal with the Clerks [sic] office for the Franklin County Court of Common Pleas."
 {¶ 6} The Ohio Supreme Court has held that "[t]he fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." SunRefining Marketing Co. v. Brennan (1987), 31 Ohio St.3d 306, syllabus. Applying Sun Refining in Robinson v. Richter,
Franklin App. No. 03AP-979, 2004-Ohio-2716, this court held the language of the notice in that case, identical to that sent here, to be insufficient. Were that the end of the inquiry, appellant would be correct that, under Richter, the time for filing his appeal with the common pleas court has not yet commenced.
 {¶ 7} In Richter, however, the complaint proceeded to a full adjudicative hearing, after which the commission found a violation of law and imposed a fine. The commission asserts that because it here dismissed appellant's complaint after the preliminary review, the commission's order is not adjudicative in nature and thus is not appealable.
 {¶ 8} Without question, the commission's notice to appellant is at odds with the position the commission is advancing on appeal in this court. Although the notice the commission sent to appellant advised him of his right to appeal the commission's determination, the commission before this court contends its determination is not appealable.
 {¶ 9} No inherent right to appeal from an administrative agency's decision exists absent constitutional or statutory authority. State ex rel. Citizens for Van Meter v. OhioElections Comm. (1992), 78 Ohio App.3d 289, 292; Billis v. OhioElections Comm. (2001), 146 Ohio App.3d 360, 362. As a result, the commission's notice cannot create appellate jurisdiction where none exists. Billis, supra (noting that the commission informed the complainant of its finding of no probable cause by sending a notice of appeal pursuant to R.C. 119.12; nonetheless, this court held there was no right to appeal). Resolution of appellant's appeal to the common pleas court thus resolves to whether a right of appeal under R.C. 119.12 arises from the commission's determination that no probable cause exists after conducting its preliminary review.
 {¶ 10} Ohio Adm. Code 3517-1-11(A) provides the following:
All cases * * * shall be subject to the following provisions. A preliminary review of the allegations shall be held by a probable cause panel or the full commission, at the discretion of the staff attorney to the commission. At the preliminary review stage, the body hearing the case shall review all pleadings, evidence, and motions before it to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred.
(1) At the preliminary review stage of the proceedings, the body hearing the case shall not hear arguments, receive evidence or take testimony unless:
(a) All parties (whether pro se or through counsel) have filed a stipulation agreeing to such procedure and a majority of the members present, in their sole discretion, agree to do so; or
(b) Any member wishes to request specific information which will aid in a proper determination of the matter at the preliminary review stage.
Thus, if the preliminary review is held before a probable cause panel or the full commission, the hearing body may dismiss the case if, among other things, no probable cause exists. Ohio Adm. Code 3517-1-11(A)(2)(a) and (e)(i). A majority vote is required for the commission to take any action. R.C.3517.152(G)(3).
 {¶ 11} This court has held a complainant has no right to appeal from the commission's determination that a complaint lacks probable cause. Id.; Common Cause/Ohio v. Ohio Elections Comm.,150 Ohio App.3d 31, 35, 2002-Ohio-5965. In Common Cause we reiterated the reasoning of Billis and Van Meter, stating a finding of no probable cause did not give rise to a right of appeal "because at the preliminary review stage of the proceedings the commission is to review only the pleadings, evidence, and motions to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists. At that stage, the commission is acting in an executive, rather than in an adjudicative, function, and because a dismissal based on lack ofprobable cause is not an adjudication there is no provision for appeal." (Emphasis added.) Id. at 35, citing Billis, Van Meter,
supra.
 {¶ 12} "The general lack of appeal from commission decisions makes sense because, by and large, the commission acts in an investigatory capacity, much like a prosecutor or grand jury."Billis, at 363, quoting Van Meter, supra. The commission's determination not to proceed further with a complaint is akin to that of a county prosecutor not to seek an indictment based on a citizen's complaint of a crime. Billis, citing Boieru v. StateEmp. Rel. Bd. (1988), 54 Ohio App.3d 23, 27. By contrast, if the commission proceeds past the preliminary review stage, finds probable cause, and holds a full hearing, we have recognized the right to appeal. Common Cause, supra (noting that if the commission finds probable cause and holds a hearing before the full commission, the commission moves beyond its executive function and is acting in its adjudicative role). As a result, if the commission's decision here arose out of its preliminary review and is simply a finding of no probable cause, then the commission's notice to appellant advising him of the right to appeal the commission's order not only is inappropriate, but ineffective in creating a right of appeal.
 {¶ 13} The record before us somewhat blurs the distinction between the executive and adjudicative functions of the commission. The commission here went beyond examining the pleadings or hearing oral argument. Instead, it swore in witnesses and inquired of the witnesses. Nonetheless, the commission's proceedings are closer to a preliminary review than to a full hearing, and its no violation determination closer to a finding of no probable cause than to an adjudication of no violation.
 {¶ 14} Specifically, nothing in the record indicates the commission set this matter for a full adjudicatory hearing. To the contrary, the evidence indicates the commission conducted only its preliminary review. The commission's minutes for September 18, 2003 state "PRELIMINARY REVIEWS" in bold letters. The case summaries and conclusions for the cases heard that day follow that heading, including the instant case. The letters sent to the parties setting the matter for September 18, 2003, also reflect the commission's intention to conduct a preliminary review and state in relevant part:
At the preliminary review, the Commission will review all timely filed documents submitted. After reviewing the documents, the Commission may do one of the following:
1. Find there has been no violation;
2. Find there has been a violation; or
3. Set the matter for a hearing at a later date if the Commission desires to receive further testimony.
Following the preliminary review, the Commission will notify you of the disposition.
You are welcome to attend and observe the preliminary review, however, it is within the discretion of the Commission to allow any statements or presentation of any evidence at that time.
 {¶ 15} Although the commission exercised the discretion it has in preliminary review hearings to allow testimony from several individuals to aid in its determining whether probable cause existed, it did not conduct an adjudicative hearing. Because the commission did not move beyond its executive function, appellant has no right to an appeal under R.C. 119.12
in this matter. Van Meter; Billis; Common Cause, supra. As a result, the issue of proper notice raised in appellant's single assignment of error is moot. Accordingly, for the reasons set forth in this opinion, the common pleas court properly determined it lacked jurisdiction over appellant's attempt to appeal the commission's order, and for those reasons we affirm the judgment of the common pleas court.
Judgment affirmed.
Brown and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.