OPINION
{¶ 1} Jane Buch and Lee Buch both appeal from the trial court's decision and entry overruling their respective objections to a magistrate's decision on Jane's motion for a finding of contempt and Lee's motion for spousal support.[1]
 {¶ 2} Jane advances four assignments of error on appeal. First, she contends the trial court erred in addressing the issue of spousal support because it is not ripe for consideration. Second, she claims the trial court erred in awarding Lee spousal support absent a substantial change of circumstances. Third, she argues that the trial court abused its discretion in awarding spousal support. Fourth, she asserts that the trial court erred in "failing to provide a mechanism for collection" after finding Lee in contempt for non-payment of retirement benefits owed to her.
 {¶ 3} In a cross appeal, Lee advances two assignments of error. First, he contends the trial court erred in failing to consider the spousal support factors set forth in R.C. § 3105.18(C). Second, he claims the trial court's spousal support award is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 4} The record reflects that Jane filed a complaint for divorce in July 2002 after nearly thirty years of marriage. While the divorce action was pending, Lee was medically discharged from the United States Air Force in November 2002. His discharge occurred after he was diagnosed with early Alzheimer's disease. At the time of his discharge, which was classified as a disability retirement, he had attained the rank of lieutenant colonel and had roughly twenty-seven years of military service as a psychologist. He began receiving retirement pay a month or so after his discharge.
 {¶ 5} The parties subsequently obtained a final judgment and decree of divorce in March 2003. Although the trial court did not award either party spousal support, the divorce decree stated that "since the Husband is in the early stages of Alzheimer's disease, this Court shall retain jurisdiction over the matter of spousal support." The trial court also awarded Jane fifty percent of Lee's military retirement benefits because all of his military service had occurred during the marriage. In that regard, the divorce decree stated that "until such time as the Wife starts to receive her portion of the Husband's military retirement by direct payments from DFAS, the parties agree that the Husband shall pay Wife's monthly share of the retirement benefits, less her pro rata share of federal and state taxes withheld, directly to the Wife on or before the 5th day of each month." The divorce decree additionally provided that "even though Husband may apply to have his military retirement benefits converted to VA disability retirement benefits, the Wife shall still be entitled to receive an amount equal to that which she would have received had the Husband not converted the retirement pay to disability pay." (Doc. #12).
 {¶ 6} Six weeks after the trial court filed the divorce decree, Lee moved for spousal support, arguing that a substantial change of circumstances had occurred.[2] Jane responded with a motion for contempt, alleging that Lee had failed to pay any retirement benefits directly to her as required by the divorce decree. A magistrate held a two-part hearing on the motions in October 2003 and January 2004. During the hearing, the magistrate heard testimony from Jane and Lee. The magistrate also considered deposition testimony from Jane's expert witness, psychologist Kenneth Manges, and reviewed various exhibits. Thereafter, the magistrate filed a March 24, 2004, decision in which she ruled as follows with regard to the spousal support and contempt issues:
 {¶ 7} "In the final judgment and decree of divorce, the court retained jurisdiction on the issue of spousal support. The final judgment and decree of divorce recognized that Lee was in the early stages of Alzheimer's disease.
 {¶ 8} "Since the divorce, Lee has been forced to retire from the USAF. Lee was a Lt. Colonel and a psychologist. Lee was under the mistaken belief that he had lost his psychology license. Upon payment of a $400 fee and 20 hours in continuing education Lee may have his license reinstated. Given the diagnosis of probable Dementia Disorder of Alzheimer's type, early onset, it is not feasible for Lee to resume his duties as a psychologist. A psychologist is a very skilled job that requires that there not be cognitive impairment. He should not be involved in patient care due to issues of potential liability.
 {¶ 9} "The court has reviewed all of the creditable evidence presented, the applicable case law and statutory law and finds that Jane should pay spousal support to Lee in the amount of $1,000 per month. The court has found there has been a change of circumstances. The court shall retain jurisdiction over the issue of spousal support.
• * *
 {¶ 10} "The plaintiff in her motion for contempt requests the court to find the defendant in contempt o[f] this court's orders.
 {¶ 11} "Pursuant to the final judgment and decree of divorce, ARTICLE 5, MILITARY BENEFITS, Paragraph S., [Lee] was to pay Jane directly her share of his military benefits by the 5th day of each month. [Lee] has not made a payment to Jane. [Lee] should be found in contempt for failure to pay Jane her share of [Lee's] military benefits." (Doc. #43).
 {¶ 12} Both parties objected to various aspects of the magistrate's ruling. The trial court disposed of the objections in a December 30, 2004, decision and entry. In relevant part, the trial court stated:
 {¶ 13} "The court finds that the final judgment and decree of divorce contained an expressed retention of jurisdiction to modify spousal support. In order to modify spousal support, the court first must determine if there has been a change of circumstances since the last order and then must determine if spousal support is still warranted. The court must consider all of the relevant factors contained in R.C.3105.18(C).
 {¶ 14} "The final judgment and decree of divorce was filed on March 21, 2003. The decree did not establish an amount of spousal support but clearly indicated that defendant was in the early stages of Alzheimer's disease and therefore the court would retain jurisdiction over the matter. Defendant had retired from the military in November 2002. Under Ohio law a change of circumstances exists if there is a change in the parties' economic conditions; the age, physical and mental conditions of the parties; the standard of living established during the marriage; and any other factor the court finds relevant or equitable. R.C. 3105.18(C)(1). The court finds that defendant's health has significantly deteriorated since the final decree was filed. He is unable to be employed in his profession as a psychologist because of his diminished mental capacity. Pursuant to the terms of the divorce decree, one half of his military retirement benefit is to be shared with plaintiff. Defendant is entitled to receive $4,325 per month or $51,900 per year. Based upon defendant's current mental and physical condition and the significant reduction in his income since his retirement, the court finds that a change of circumstances exists.
 {¶ 15} "Plaintiff is employed at Kettering Medical Center earning approximately $55,000 annually. She has income from another source of approximately $3,000 annually. As stated above, plaintiff receives approximately $25,000 annually from defendant's military retirement benefits. Consequently the court finds that plaintiff's gross annual income is approximately $83,000 per year while defendant's income is approximately $26,900 per year. The court finds that considering the factors contained in R.C. 3105.18, an award of spousal support is appropriate and reasonable. The court finds that the award of $1,000 per month granted by the magistrate decision is appropriate." (Doc. #59).
 {¶ 16} After setting forth the foregoing analysis, the trial court overruled all objections, awarded Lee spousal support of $1,000 per month, and found him in contempt for failing to pay Jane her share of his retirement benefits. For the contempt finding, the trial court fined Lee $250 but held that he could purge the contempt by making monthly benefit payments to Jane as required by the divorce decree. This timely appeal and cross appeal followed.
 {¶ 17} In her first assignment of error, Jane contends the issue of spousal support is not ripe for consideration. In support, she argues that there has been no substantial change of circumstances since the filing of the divorce decree to justify contemplating an award of spousal support. Jane raises the issue of ripeness as a jurisdictional matter and argues that consideration of the spousal support issue is premature absent a substantial change of circumstances.
 {¶ 18} Upon review, we find no merit in Jane's argument. "The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.'" State ex rel. Elyria Foundry Co. v. Indus. Comm.,82 Ohio St.3d 88, 89, 1998-Ohio-366 (citation omitted). But the spousal support issue before us is not abstract, hypothetical, or remote. Lee moved for spousal support, arguing the existence of a substantial change of circumstances. The trial court found the motion to be persuasive and awarded spousal support. Regardless of whether the trial court properly sustained Lee's motion, the spousal support issue is ripe for review. Jane's first assignment of error is overruled.
 {¶ 19} In her second assignment of error, Jane claims the trial court erred in awarding Lee spousal support absent a substantial change in circumstances. She reasons that his military retirement and his medical condition do not qualify as changed circumstances under R.C. § 3105.18
because he had been diagnosed with early Alzheimer's disease and had retired before the divorce decree was filed.
 {¶ 20} Having reviewed the record, we find the foregoing argument to be unpersuasive. In order to make a post-decree award of spousal support, the trial court was required to find a substantial change of circumstances that was not contemplated at the time of the divorce decree. See, e.g., McHenry v. McHenry, Montgomery App. No. 20345,2004-Ohio-4047, at ¶ 14. In its decision and entry, the trial court recognized that Lee had retired before the filing of the divorce decree. Consequently, we agree with Jane that his retirement logically and legally cannot constitute a changed circumstance justifying an award of spousal support. We also agree that Lee's medical diagnosis pre-dated the divorce decree. Indeed, the divorce decree cited the fact that "the Husband is in the early stages of Alzheimer's disease" as the basis for the trial court retaining jurisdiction over the spousal support issue. Given that no spousal support was awarded in the March 21, 2003, divorce decree, however, the parties and the trial court apparently believed, at that time, that Lee remained capable of supporting himself.
 {¶ 21} In its December 30, 2004, ruling on Lee's subsequent motion for spousal support, the trial court found that his "health has significantly deteriorated since the final decree was filed" and that he was "unable to be employed in his profession as a psychologist because of his diminished mental capacity." The trial court cited his then-existing health condition as a change of circumstances justifying consideration of a spousal support award.
 {¶ 22} In our view, the trial court did not abuse its discretion in finding a change of circumstances significant enough to justify consideration of a spousal support award. As noted above, the divorce decree was filed on March 21, 2003. The magistrate heard evidence on Lee's motion in October 2003 and January 2004, with Lee testifying on both occasions. Lee's testimony, if credited, adequately supports the trial court's finding that his condition had deteriorated since the filing of the divorce decree and that he was incapable of working in his profession. The trial court reasonably concluded that these facts demonstrated a substantial change of circumstances. Accordingly, we overrule Jane's second assignment of error.
 {¶ 23} In her third assignment of error, Jane contends the trial court abused its discretion in awarding Lee spousal support. Specifically, she argues that Lee is not entitled to any spousal support under the factors set forth in R.C. § 3105.18(C). Conversely, Lee argues in his two related assignments of error that the trial court's spousal support award of $1,000 per month is too low in light of the considerations found in R.C. § 3105.18.
 {¶ 24} In support of her argument, Jane first asserts that the trial court misstated her income as $83,000 per year and Lee's income as $26,900 per year. Jane stresses that these figures are based on her receiving fifty percent of Lee's military retirement money. Given that Lee was found in contempt for failing to pay Jane her share of the money, she contends the trial court erred in allocating fifty percent of it to her when determining the parties' annual incomes. We disagree. One half of the military retirement money belongs to Jane under the terms of the divorce decree, Lee has a legal obligation to give it to her, and his failure to do so resulted in a contempt finding. Thus, the trial court did not err in including the money in her annual income.
 {¶ 25} Jane's other primary contention under her third assignment of error is that Lee is voluntarily unemployed and is capable of earning at least $30,000 to $50,000 per year despite his cognitive impairment. She bases this claim on an evaluation performed by her expert witness, psychologist Kenneth Manges. On the other hand, Lee insists in both of his assignments of error that his medical condition precludes any work and that the great disparity in the parties' incomes militates in favor of more spousal support than the trial court ordered.
 {¶ 26} In making its spousal support award, the trial court did not specifically address Manges' conclusion that Lee remains capable of working in several fields. Nor did the trial court specifically find, however, that Lee is incapable of maintaining any employment. In its decision and final judgment entry, the trial court found only that Lee "is unable to be employed in his profession as a psychologist because of his diminished mental capacity." (Emphasis added). The trial court then awarded him spousal support of $1,000 per month without explaining how it had arrived at that figure. Consequently, we do not know whether the trial court discredited Manges' opinion entirely and accepted Lee's assertion that his early Alzheimer's condition precludes him from performing any work.
 {¶ 27} If the trial court accepted Lee's claim that he is incapable of working at all, then the $1,000 per month spousal support award appears, on its face, to be low. The trial court concluded that Jane's annual income is $83,000 and Lee's annual income is $26,900. Therefore, the trial court's spousal support order will result in Jane having annual income of $71,000 and Lee having annual income of $38,900. We realize, of course, that a trial court is not required to equalize the parties' respective incomes when awarding spousal support. Wolf v. Wolf (Sept. 27, 1996), Greene App. No. 96 CA 10. But the large income disparity that exists even after the trial court's spousal support award at least requires an explanation, which the trial court (and the magistrate) failed to provide. It may be that the trial court silently imputed income to Lee, deeming him capable of gainful employment of some sort. Or the trial court may have had other legitimate reasons for awarding the amount of spousal support that it did. Because it did not identify them, however, we cannot determine whether the amount of spousal support awarded by the trial court is too high, too low, or fair and reasonable under R.C. § 3105.18. When a trial court fails to explain its reasons for the amount of a spousal support award in sufficient detail to permit appellate review, the proper remedy is to reverse the trial court's judgment and remand the matter for the trial court to address the issue anew. Cronin v. Cronin, Greene App. Nos. 02-CA-110 and 03-CA-75,2005-Ohio-301, at ¶ 37-39. As a result, we will sustain both of Lee's assignments of error and Jane's third assignment of error, insofar as they all challenge the amount of the trial court's spousal support award. On remand, the trial court is instructed to reconsider the spousal support issue and to provide reasons for the amount of any award that it chooses to make. Id. at ¶ 39.
 {¶ 28} Finally, Jane asserts in her fourth assignment of error that the trial court erred in "failing to provide a mechanism for collection" after finding Lee in contempt for non-payment of retirement benefits owed to her. Although the trial court held Lee in contempt for failing to pay her the money and provided for him to do so in the future, she notes that the trial court's order fails to address his payment of a substantial arrearage that now exists due to his earlier non-compliance.
 {¶ 29} Upon review, we agree that the trial court's decision does not expressly address Lee's payment of the arrearage that apparently exists as a result of his failure to comply with the retirement benefit provisions of the divorce decree. Accordingly, we sustain Jane's fourth assignment of error and instruct the trial court to address the arrearage issue on remand.
 {¶ 30} Based on the reasoning set forth above, we hereby reverse the trial court's December 30, 2004, judgment awarding Lee spousal support of $1,000 per month and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Wolff, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] For convenience and clarity, we will identify the parties by their first names.
[2] Lee's motion failed to specify the particular "change of circumstances" that warranted an award of spousal support so soon after entry of the divorce decree. We infer from his motion, however, that the alleged change of circumstances involved his professed inability to work due to the effects of Alzheimer's disease.