DECISION
{¶ 1} Grimes Aerospace Co., Inc., filed this action in mandamus, seeking a writ to compel the Industrial Commission of Ohio to vacate its award of temporary total disability compensation to Donald G. Johnson. *Page 2 
 {¶ 2} In accord with Loc.R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested relief because the controversy is not ripe per State ex rel. Elyria Foundry Co. v. Indus. Comm.,82 Ohio St.3d 88, 694 N.E.2d 459, 1998-Ohio-366.
 {¶ 3} No party has filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 4} Since no defect of law or fact is present on the face of the magistrate's decision, we adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the request for a writ of mandamus.
Writ of mandamus denied.
 PETREE and McGRATH, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on August 22, 2007 IN MANDAMUS {¶ 5} In this original action, relator, Grimes Aerospace Co., Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding temporary total disability ("TTD") compensation beginning *Page 4 
January 20, 2005 to respondent Donald G. Johnson ("claimant"), and to enter an order denying said compensation.
Findings of Fact: {¶ 6} 1. On January 30, 1992, claimant sustained an industrial injury while employed as a laborer for relator, a self-insured employer under Ohio's workers' compensation laws. The industrial claim was initially allowed for "[s]train right arm, shoulder, spine, cervical, and dorsal; headaches," and was assigned claim number L200125-22.
 {¶ 7} 2. In 1996, the industrial claim was additionally allowed for "cervical herniated disc at C-5-6."
 {¶ 8} 3. In February 2004, claimant was evaluated by psychologist Michael Drown, Ph.D. In a written report dated March 10, 2004, Dr. Drown opined:
 * * * Mr. Johnson suffers from an Adjustment Reaction with mixed emotions; based on available medical reports and recent psychological interview and psychometric data, it is within reasonable certainty that this psychiatric disorders [sic] [is] directly related to his industrial injury[.] * * *
(Emphasis sic.)
 {¶ 9} 4. On August 6, 2004, citing Dr. Drown's report, claimant moved for an additional claim allowance.
 {¶ 10} 5. Following an October 18, 2004 hearing, a district hearing officer ("DHO") issued an order denying claimant's motion. Claimant administratively appealed the order. *Page 5 
 {¶ 11} 6. Following a December 2, 2004 hearing, a staff hearing officer ("SHO") issued an order that vacates the DHO's order and additionally allows the claim for "adjustment reaction with mixed emotions" based upon reports from Dr. Drown.
 {¶ 12} 7. On January 4, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of December 2, 2004.
 {¶ 13} 8. Pursuant to R.C. 4123.512, relator appealed the commission's granting of the additional claim allowance to the Franklin County Court of Common Pleas. That action is currently pending.
 {¶ 14} 9. On January 25, 2005, Dr. Drown prepared a C-84 on which he certified a period of TTD beginning January 20, 2005 based solely upon the newly allowed psychological condition. On March 14, 2005, Dr. Drown prepared another C-84 extending TTD to an estimated return-to-work date of July 21, 2005.
 {¶ 15} 10. Following a March 21, 2005 hearing, a DHO issued an order granting TTD compensation beginning January 20, 2005 based upon Dr. Drown's C-84s. The DHO's order further states:
 * * * [T]he District Hearing Officer finds insufficient evidence that Mr. Johnson voluntarily abandoned his former position of employment. While Mr. Johnson may have worked a number of jobs since his employment with the employer of record, this does not establish a previous voluntary abandonment. As such, State ex rel. Jennings v. Industrial Commission 98 Ohio St. 3d 288 does not apply.
 {¶ 16} 11. Relator administratively appealed the DHO's order of March 21, 2005.
 {¶ 17} 12. Following a May 16, 2005 hearing, an SHO issued an order stating that the DHO's order of March 21, 2005 is modified. The SHO's order explains: *Page 6 
 Based on the newly allowed psychological condition and the C-84 reports from Dr. Drown, temporary total compensation is awarded from 01/20/2005 through 07/21/2005, and to continue upon submission of supporting medical evidence. [T]he argument of the employer, that the allowed conditions are not preventing a return to work, is not found persuasive. Receipt of social security retirement and other pensions does not bar the payment of temporary total compensation.
 {¶ 18} 13. On June 10, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of May 16, 2005.
 {¶ 19} 14. On January 30, 2007, relator, Grimes Aerospace Co., Inc., filed this mandamus action. Conclusions of Law:
 {¶ 20} The commission awarded TTD compensation beginning January 20, 2005 based solely upon the newly allowed psychological condition — adjustment reaction with mixed emotions — the allowance of which relator is currently challenging in the common pleas court pursuant to R.C.4123.512. Relator challenged the request for TTD compensation administratively on grounds that claimant had allegedly abandoned the workforce and is thereby ineligible for the compensation. Relator contends here that the commission abused its discretion in refusing to declare claimant ineligible for the compensation.
 {¶ 21} Because this mandamus action is rendered premature by the pendency of the common pleas court action, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 22} The disposition of this action is controlled by State ex rel.Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88. InElyria Foundry, the employer, Elyria *Page 7 
Foundry Co. ("EFC"), commenced a mandamus action challenging the commission's award of TTD compensation in an industrial claim that the commission had allowed for silicosis. EFC appealed the allowance of the claim to the Lorain County Court of Common Pleas pursuant to R.C.4123.512. The common pleas court action was pending while EFC was challenging the TTD award in the mandamus action. The Supreme Court of Ohio found that the controversy presented in the mandamus action lacked ripeness. The Elyria Foundry court stated:
 We find that the controversy presented by EFC's mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing." Regional Rail Reorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357 * * *. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515 * * *. As one writer has observed:
 "The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.
 EFC is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question, if the claim is allowed, and if it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review. *Page 8 
(Emphasis sic.) Id. at 89.
 {¶ 23} If relator ultimately obtains a common pleas court judgment denying claimant the right to participate for the psychological condition at issue there, claimant would not be entitled to the TTD compensation that the commission has awarded for that psychological condition regardless of whether claimant has abandoned the workforce. Thus, in this action, relator is asking this court to address the abstract and hypothetical.
 {¶ 24} Based upon Elyria Foundry, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1