[Cite as *Am. Water Mgt. Servs., L.L.C. v. Div. of Oil & Gas Resources Mgt.*, 2016-Ohio-2860.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| American Water Management Services, LLC, | : | |
| | : | |
| Appellant-Appellant, | : | |
| | : | No. 16AP-4 |
| v. | | (C.P.C. No. 15CV-7857) |
| | : | |
| Division of Oil & Gas Resources Management, | | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on May 5, 2016

**On brief:** *Comstock, Springer & Wilson Co., LPA*, and *Thomas J. Wilson*, for appellant. **Argued:** *Thomas J. Wilson.*

**On brief:** *Michael DeWine*, Attorney General, *Brett A. Kravitz*, and *Brian Becker*, for appellee. **Argued:** *Brett A. Kravitz.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Appellant-appellant, American Water Management Services, LLC, appeals from the December 18, 2015 order of the Franklin County Court of Common Pleas granting the motion to dismiss of appellee-appellee, Division of Oil & Gas Resources Management. For the reasons that follow, we reverse.

**I. Facts and Procedural History**

{¶ 2} On September 3, 2014, the chief of the Ohio Division of Oil & Gas Resources Management ("chief") issued an order suspending appellant's operations at a saltwater injection well. On September 5, 2014, the chief issued an order amending the September 3, 2014 order. On October 2, 2014, appellant filed an appeal from the chief's

September 3 and 5, 2014 orders with the Ohio Oil and Gas Commission ("the commission").

{¶ 3}  On March 11, 2015, the commission conducted a hearing.  Following the hearing and after being fully briefed by the parties, on August 12, 2015, the commission filed a document titled "Findings, Conclusions and Order of the Commission" that affirmed the chief's September 3 and 5, 2014 orders.

{¶ 4}  On September 8, 2015, appellant filed a notice of appeal from the commission's August 12, 2015 order in the Franklin County Court of Common Pleas.  On October 16, 2015, appellee filed a motion to dismiss the appeal, asserting that appellant failed to perfect its appeal under R.C. 1509.37 because appellant did not "file the notice of appeal with the Commission within thirty days of the Commission's decision."  (Appellee's Motion to Dismiss, 4.)  On October 22, 2015, appellant filed a memorandum in opposition to the motion to dismiss and requested an oral hearing.  On December 18, 2015, the trial court filed an order and entry granting appellee's motion to dismiss.

## II.  Assignment of Error

{¶ 5}  Appellant appeals and assigns the following single assignment of error for our review:

> The Trial Court Erred in Dismissing [American Water Management Services, LLC's] Administrative Appeal.

## III.  Discussion

{¶ 6}  In its assignment of error, appellant asserts that it complied with the requirements provided in R.C. 1509.37 for perfecting an appeal from the commission by sending the commission via certified mail a copy of the notice of appeal that it filed in the trial court.  Appellee responds that the trial court properly granted the motion to dismiss for lack of subject-matter jurisdiction because appellant failed to file the original notice of appeal with the commission.  In the alternative, appellee asserts that appellant failed to comply with the requirements of R.C. 1509.37 since appellant directed the certified mailing of the copy of the complaint to appellee, not the commission.  However, before addressing the merits of the assignment of error, we first consider whether the commission complied with the procedural requirements for providing the parties with notice of its order pursuant to R.C. 1509.36.

{¶ 7}   R.C. 1509.36 provides, in pertinent part:

> If upon completion of the hearing the commission finds that the order appealed from was lawful and reasonable, it shall make a written order affirming the order appealed from; if the commission finds that the order was unreasonable or unlawful, it shall make a written order vacating the order appealed from and making the order that it finds the chief should have made. Every order made by the commission shall contain a written finding by the commission of the facts upon which the order is based.
>
> Notice of the making of the order shall be given forthwith to each party to the appeal by mailing a certified copy thereof to each such party by certified mail.

{¶ 8}   R.C. 1509.37 provides, in pertinent part:

> Any party adversely affected by an order of the oil and gas commission may appeal to the court of common pleas of Franklin county. Any party desiring to so appeal shall file with the commission a notice of appeal designating the order appealed from and stating whether the appeal is taken on questions of law or questions of law and fact. A copy of the notice also shall be filed by appellant with the court and shall be mailed or otherwise delivered to appellee. Such notices shall be filed and mailed or otherwise delivered within thirty days after the date upon which appellant received notice from the commission by certified mail of the making of the order appealed from.

{¶ 9}   "Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147 (1946), paragraph one of the syllabus.  This court has previously found that the failure to comply with the procedural requirements of a statute that confers the right to appeal deprives the reviewing court of subject-matter jurisdiction. *Coleman v. Ohio Bd. of Nursing*, 10th Dist. No. 12AP-869, 2013-Ohio-2073, ¶ 11 ("[T]he failure to file a notice of appeal within the 15-day period as set forth in R.C. 119.12 deprives the common pleas court of subject-matter jurisdiction over the appeal."); *Calo v. Ohio Real Estate Comm.*, 10th Dist. No. 10AP-595, 2011-Ohio-2413, ¶ 39 ("Because appellant failed to comply with R.C. 119.12 to perfect his appeal, the Franklin County Court of Common Pleas properly concluded it lacked subject matter jurisdiction.").

{¶ 10} The Supreme Court of Ohio has previously examined whether an agency whose order is being appealed from under R.C. 119.12 must fully comply with the procedural requirements of R.C. 119.09 before the period for appeal commences. *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306 (1987). R.C. 119.09 provides, in pertinent part, that after an agency enters its order in its journal, "the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party." R.C. 119.12 provides, in pertinent part, that "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶ 11} In *Sun Refining*, the agency sent a copy of its order to the affected party's attorney, but failed to send a copy of its order to the affected party itself. The court found that the agency failed to comply with the procedural requirements of R.C. 119.09 and held that "the fifteen-day appeal period in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." *Id.* at 309. *See also Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, paragraph one of the syllabus ("An administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences.").

{¶ 12} Although the decision in *Sun Refining* contemplated the procedural requirements of appeals under R.C. Chapter 119, strict procedural compliance has been required in the context of administrative appeals authorized by other sections of the Ohio Revised Code. *See Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 96 Ohio St.3d 165, 2002-Ohio-4033, ¶ 18 (finding that time for appeal under R.C. 5717.01 from a decision of a county board of revision would not begin to run until the board complied with procedural requirements under R.C. 5715.20); *Helms v. Koncelik*, 10th Dist. No. 08AP-323, 2008-Ohio-5073, ¶ 17, citing *Kimble Clay & Limestone v. Williams*, 10th Dist. No. 78AP-320 (Aug. 29, 1978). In order to determine compliance with conditions

imposed by statutes conferring the right of appeal, we look to the plain language of the statute. *Hughes* at ¶ 12.

{¶ 13} Here, the General Assembly provided in R.C. 1509.36 and 1509.37 the procedure to be followed in appealing a decision of the commission. As previously noted, R.C. 1509.36 requires that "[n]otice of the making of the order shall be given forthwith to each party to the appeal by mailing a certified copy thereof to each such party by certified mail." The commission's act under R.C. 1509.36 of providing notice of the order by sending a certified copy of the order to each party to the appeal commences the time for filing an appeal under R.C. 1509.37.

{¶ 14} In accordance with *Sun Refining*, we are persuaded to find that the time for appeal from the commission's order has not begun to run. Thus, the court of common pleas could not have acquired jurisdiction to review the merits of the appeal until an order complying with the procedural requirements of R.C. 1509.36 had been served on appellant. *Robinson v. Richter*, 10th Dist. No. 03AP-979, 2004-Ohio-2716, ¶ 10; *Massey v. Ohio Elections Comm.*, 10th Dist. No. 13AP-20, 2013-Ohio-3498, ¶ 15, citing *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89 (1998).

{¶ 15} Therefore, pursuant to *Sun Refining*, we are required to reverse the judgment of the court of common pleas and remand with instructions to dismiss this matter for further action by the commission. Furthermore, pursuant to *Sun Refining*, once the commission fully complies with the requirements of R.C. 1509.36, appellant may file a new notice of appeal as provided in R.C. 1509.37. *Id.* at 309, fn. 2. *See Robinson* at ¶ 11.

{¶ 16} Accordingly, appellant's single assignment of error is rendered moot.

## IV.  Conclusion

{¶ 17} In consideration of the foregoing, appellant's sole assignment of error is rendered moot, we reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court with instructions to dismiss this matter for further action by the commission.

*Judgment reversed;*
*cause remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.