DECISION AND JUDGMENT ENTRY
{¶ 1} Jerome Conkle and his neighbors[1] ("Conkle"), appeal the Scioto County Court of Common Pleas' decision granting summary judgment in favor of the Southern Ohio Medical Center ("SOMC"). Conkle contends that the trial court erred in determining that he does not have standing to pursue SOMC for its alleged violation of Chapter 1109.01-1109.06 and Chapter 1133.02 of Portsmouth's Planning and Zoning Code ("PPZC"). Because R.C. 713.13 provides standing only for neighbors who are "especially harmed" by an alleged zoning violation, and because Conkle failed to allege or provide evidence of any specific special harm, such as a decline in property values, we disagree.
 {¶ 2} Conkle also asserts that the trial court erred in determining that he does not have standing to pursue SOMC for its alleged violation of PPZC 1109.01-1109.06 because it is a planning, rather than a zoning, ordinance. Finally, Conkle asserts that genuine issues of material fact remain as to whether SOMC violated PPZC 1133.02, and therefore that the trial court erred in granting summary judgment on that claim. Based on our determination that Conkle lacks standing due to his failure to allege or demonstrate special harm, Conkle's remaining assignments of error are moot and we decline to address them. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 3} SOMC owns approximately thirty contiguous acres of land that contain a hospital and other medical facilities. One of those facilities has a Sherman Road address, though Sherman Road does not actually extend to the facility. SOMC's property abuts Sherman Road across the entire southern termination point of Sherman Road. An easement, which provides access between SOMC and Sherman Road, runs through the property for reciprocal use by SOMC and adjacent property owners. The easement has been in use for over forty years. For most of its existence, the easement consisted of a gravel driveway.
 {¶ 4} In June of 2003, SOMC requested that the City of Portsmouth extend Sherman Road to include its easement. The Portsmouth Planning Commission ("Planning Commission") refused to extend the public street, but noted that SOMC could "certainly tie into Sherman Road without the City's approval." The Planning Commission concluded that improvement of the existing easement did not present a zoning issue, because the entire area is zoned "Residential A," which permits both residential and hospital uses. The Planning Commission noted that SOMC was free to improve and maintain the private easement at its own expense.
 {¶ 5} After the Planning Commission refused to extend Sherman Road at the City's expense, SOMC decided to improve the easement at its own cost in order to provide an alternate entrance to the hospital grounds. SOMC applied for a building permit, which the City approved. SOMC began construction on the easement. SOMC conducted the improvements in accordance with the City building permit, and kept all of the construction within the confines of SOMC property. After SOMC partially completed the construction, Conkle filed an action for a temporary and permanent injunction barring SOMC from completing the improvements and using the easement.
 {¶ 6} In his complaint, Conkle asserted that SOMC violated PPZC 1109.01-1109.06 by developing its property without obtaining permission from the Planning Commission. These provisions require property owners to provide plans and get Planning Commission approval before subdividing land via development or otherwise. Additionally, Conkle asserted that SOMC violated PPZC 1133.02(a)(11)(A), because its use of the improved easement is injurious, noxious, offensive or detrimental to the neighborhood. Conkle alleged that he had standing to pursue injunctive relief pursuant to R.C. 713.13.
 {¶ 7} SOMC filed a motion for summary judgment, asserting that Conkle does not possess standing to obtain injunctive relief for SOMC's alleged violations. The trial court agreed. Specifically, the trial court found that R.C. 713.13 provides standing only for zoning violations, and that PPZC 1109.01 — 1109.06 are planning, rather than zoning, ordinances. Additionally, the trial court found that R.C. 713.13 provides standing only for those who are "especially harmed" by an alleged zoning violation, and that Conkle failed to allege any special harm. Therefore, the trial court granted SOMC's motion for summary judgment.
 {¶ 8} Conkle appeals, asserting the following assignments of error: "I. The trial court erred as a matter of law in finding that R.C. 713.13
was inapplicable to the instant case. II. The trial court erred as a matter of law in finding that appellants have not been especially harmed. III. The trial court erred in granting summary judgment as to the second count of appellants' complaint as genuine issues of material fact are in dispute as to whether or not appellee's use of the disputed area constitutes an accessory use in violation of section 1133.02(a)(11)(A) of the Portsmouth City Zoning Code."
 II. {¶ 9} Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. The court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First UnitedMethodist Church (1994), 68 Ohio St.3d 531, 535.
 {¶ 10} In reviewing an entry of summary judgment, we must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also,Schwartz v. Bank-One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 11} In his second assignment of error, Conkle asserts that the trial court erred in finding that he was not especially harmed by SOMC's alleged violations of PPZC 1109.01-1109.06 and 1133.02(a)(11)(A). Because this issue relates to Conkle's standing on all of his claims, we address it first.
 {¶ 12} R.C. 713.13 provides: "No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3
of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, * * * the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedied provided by law, may institute a suit for injunction to prevent or terminate such violation." (Emphasis added.)
 {¶ 13} Thus, a plaintiff seeking an injunction under R.C. 713.13 bears the burden of showing that he would be not merely damaged, but "especially damaged," by a zoning violation. Ameigh v. Baycliffs Corp.
(1998), 127 Ohio App.3d 254, 261; Kroeger v. Standard Oil Co. ofOhio, Inc., (Aug. 7, 1989), Clermont App. Nos. CA88-11-086 and CA88-11-087; Lang v. Westlake (Nov. 19, 1987), Cuyahoga App. No. 52962. This "special damage" standard requires less than the general "irreparable harm" standard. Matter v. Rittinger (Aug. 26, 1988), Ross App. No. 1385, citing Cleveland Electric Illuminating Co. v. Mayfield
(1977), 53 Ohio App.2d 37, 54-55.
 {¶ 14} A diminished value of property is enough to demonstrate special damage. Ameigh at 261, citing Matter, supra; Cleveland Elec. IlluminatingCo. at 54-55. However, the court cannot find standing when the plaintiff fails to allege and present evidence that supports a finding of diminished property value or other special damage. Id.; Carver v. BuckeyeFireworks and Novelty Co. (1985), 24 Ohio App.3d 36, 38. Generally, "concerns regarding increased traffic * * * are concerns shared equally by the public at large and, therefore, are not adequate grounds upon which to confer standing." Jenkins v. Gallipolis (1998),128 Ohio App.3d 376, 381-382, citing Westgate Shopping Village v.Toledo (1994), 93 Ohio App.3d 507, 513-514 (addressing standing to appeal an administrative decision under R.C. 2506.01).
 {¶ 15} Here, in response to SOMC's motion for summary judgment, Conkle filed an affidavit in which he claims that he was "especially harmed" by SOMC's actions. However, Conkle did not specify, either in his affidavit or in his complaint, how SOMC's actions harmed him. Conkle averred that SOMC ignored citizen input "as to how the access point would be designed with regard to possible speed bumps, stop signs, widening, a guard gate and screenage to protect property values and to preserve the integrity of what has been a quiet, safe and peaceful residential neighborhood." Additionally, Conkle averred that "busy traffic activity" goes on at SOMC, and that a woodland area acts as a buffer between the Sherman Road residences and SOMC. Finally, Conkle averred that SOMC's use of heavy construction equipment changed the drainage and flow of water around Sherman Road.
 {¶ 16} To prove standing under R.C. 713.13 based upon a theory of diminished property value, the plaintiff must present some evidence of diminished property value. See Ameigh at 261 (record included expert testimony that zoning violation would have an adverse impact on the market value of the plaintiffs' lots); Matter, supra, (record included testimony that the zoning violation would reduce property value by $10,000 to $15,000); Kroeger, supra (an unsupported, general allegation that property values would decline by ten percent was not sufficient to establish standing). An owner of real property is, by virtue of that ownership, competent to testify as to the market value of such property.Smith v. Padgett (1987), 32 Ohio St.3d 344, 347; Jackson v. Hill, (Nov. 22, 1996), Jackson App. No. 95CA774.
 {¶ 17} Conkle did not assert in his complaint that SOMC's improvement or use of its easement diminished his property value. Nor did he aver in his affidavit that his property value declined as a result of SOMC's actions. Conkle did not even directly aver that traffic increased on Sherman Road as a result of SOMC's actions. And, while Conkle mentioned a "change" in the water flow on Sherman Road, he did not state whether or how this change harmed the residents of Sherman Road. Absent some showing that SOMC's alleged violations of the PPCZ harmed Conkle, the trial court could not find that Conkle possessed standing to pursue an injunction pursuant to R.C. 713.13.
 {¶ 18} Since Conkle did not allege or offer any proof that SOMC "especially damaged" him through its alleged violations of PPZC 1109.01-1109.06 and 1133.02, the trial court did not err in finding that Conkle did not possess standing under R.C. 713.13. Therefore, the trial court did not err in granting SOMC's motion for summary judgment. Accordingly, we overrule Conkle's second assignment of error.
 {¶ 19} Because we overrule Conkle's second assignment of error and find that Conkle did not possess standing to pursue an injunction under R.C. 713.13 due to his failure to show special damages, Conkle's first and third assignments of error are moot. Accordingly, we decline to address them. See App.R. 12(A)(1)(c). We affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Not Participating.
[1] The plaintiffs named in the complaint, who all reside on Sherman Road in Portsmouth, Ohio, are: Jerome Conkle, Karen Conkle, Henrietta Morton, Dirk Cunningham, Michael Kornhoffe, Danny Tener, Kendra Tener, Pam Brown, Donald Mercer, Marilyn Mercer, and Linda Lawson.