DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made: *Page 2 
 {¶ 1} Appellant, Joel Helms, appeals the judgment of the Summit County Court of Common Pleas, which dismissed his administrative appeal for lack of subject matter jurisdiction. This Court affirms.
 I. {¶ 2} On September 15, 2005, appellant filed an administrative appeal pro se pursuant to R.C. 2506.01 in the common pleas court. Appellee, Northeast Ohio Four County Regional Planning and Development Organization ("NEFCO"), filed a motion to dismiss the appeal for lack of subject matter jurisdiction. Appellant responded in opposition, and NEFCO replied. On November 7, 2006, the trial court granted NEFCO's motion to dismiss the administrative appeal for lack of subject matter jurisdiction, after finding that NEFCO's action did not constitute a final, appealable order. Appellant appeals pro se, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE JUDGE ERRED IN DISMISSING CASE ONLY BECAUSE HELMS COULD NOT PROVE A NEGATIVE WHILE NEFCO COULDN'T QUOTE ANY STATUTORY FURTHER RECOURSE OF APPEAL FOR THEIR ADMINISTRATIVE ACT. WHETHER AN ADMINISTRATIVE ACT THAT GIVES RIGHTS MAY BE APPEALED BY ORC 2506.01 WHERE THE ADMINISTRATIVE BODY THINKS IT ISN'T APPEALABLE."
 {¶ 3} Appellant argues that the trial court erred by dismissing his administrative appeal, filed pursuant to R.C. 2506.01; because he has no further recourse against NEFCO's action in "Consideration of an amendment to the Clean *Page 3 
Water Plan to provide for a change to the Stark-Summit Service Area Facilities Planning Area boundary in Summit County[.]" Effectively, appellant argues that the NEFCO action is the definitive action so that it is a final, appealable order which vests subject matter jurisdiction in the trial court. This Court disagrees.
 {¶ 4} As a preliminary matter, this Court notes that appellee moved to dismiss appellant's appeal on the basis of the lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). NEFCO supplemented its motion to dismiss with an affidavit and other materials outside the complaint. The Ohio Supreme Court has held that
 "[f]ederal practice relevant to Ohio Civ.R. 12(B)(1), however, clearly recognizes the obligation of a trial court to determine at the earliest time whether it has jurisdiction, and authorizes a court to consider outside matter attached to a motion to dismiss for lack of jurisdiction without converting it into a motion for summary judgment if such material is pertinent to that inquiry. (Citation omitted.) Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976), 48 Ohio St.2d 211, 214.
Accordingly, it was appropriate for the trial court to consider the attachments to NEFCO's motion to dismiss when ruling on the motion.
 {¶ 5} Joseph Hadley, Jr., Executive Director of NEFCO, avers in his affidavit that NEFCO is a regional council of governments organized pursuant to R.C. 167.01 et seq. NEFCO is a designated water quality management planning agency for Portage, Stark, Summit and Wayne counties. Mr. Hadley avers in his affidavit that NEFCO has no implementation authority, as it is merely a recommending agency. Mr. Hadley avers that final authority rests with the Ohio *Page 4 
EPA to accept, adopt or reject any NEFCO recommendations. In fact, R.C.167.03, which delineates the powers and duties of councils established pursuant to R.C. 167.01 et seq., states that such councils have the power to study governmental problems, promote cooperative arrangements and coordinate action among its members, make recommendations for review, and perform planning. Mr. Hadley avers that any amendments to its Clean Water Plan adopted by NEFCO are merely recommendations which require approval by the Ohio EPA prior to implementation, so that NEFCO's agenda item 5 from which appellant appeals does not constitute a final decision or order.
 {¶ 6} R.C. 2506.01 provides, in pertinent part:
 "* * * every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas * * *
 "* * *
 "[a] `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
 {¶ 7} Accordingly, the trial court only has jurisdiction to consider appellant's appeal, if NEFCO's adopting of the amendment constitutes a "final order, adjudication, or decision." Where a planning agency's authority is limited to making recommendations, then such actions do not constitute final, appealable *Page 5 
orders pursuant to R.C. Chapter 2506. Flair Corp. v. Brecksville (1976),49 Ohio App.2d 77, 81. Because NEFCO only has the authority to make recommendations, which must be adopted or accepted by the Ohio EPA before they may be implemented, NEFCO's adoption of the challenged amendment does not constitute a final order. Accordingly, the trial court properly determined that it had no jurisdiction to consider appellant's administrative appeal. Appellant's assignment of error is overruled.
 III. {¶ 8} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, which dismissed appellant's administrative appeal for lack of subject matter jurisdiction is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 6 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR
FOR THE COURT
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1