OPINION
{¶ 1} Appellant, Joel Helms ("appellant"), appeals from a final order of the Environmental Review Appeals Commission ("ERAC"), which dismissed his appeal of a permit to install issued by appellee, the Director of Environmental Protection ("the Director") for lack of standing. *Page 2 
 {¶ 2} On June 29, 2006, the Director issued to Summit County a permit to install a wastewater disposal system consisting of a sanitary sewer, pump station, and force main. On July 28, 2006, appellant filed a notice of appeal to ERAC and alleged four assignments of error. Through these assignments, appellant argued that the project was inconsistent with approved statewide facilities planning, usurped his procedural rights to challenge property assessments under R.C. 6117, and should not have been approved while his "Petition of Redress" was pending before the Governor and while a "Local Referendum Petition" was pending.
 {¶ 3} The Director moved to dismiss appellant's ERAC appeal for lack of standing. Specifically, the Director argued that appellant had failed to demonstrate, pursuant to R.C. 3745.07, that the issuance of the permit aggrieved or adversely affected him. Appellant responded in writing, and ERAC heard oral argument on the motion.
 {¶ 4} In its February 28, 2008 order, ERAC granted the Director's motion and dismissed appellant's appeal. Appellant was served with a copy of the order on March 20, 2008.
 {¶ 5} In his appeal to this court, appellant raises one assignment of error:
 ERAC incorrectly dismissed case based on defective `Finding of Facts' [sic].
 {¶ 6} Before addressing the merits of appellant's appeal, we must first address the Director's motion to dismiss this appeal for lack of jurisdiction. As to that motion, the following facts are relevant.
 {¶ 7} Appellant mailed multiple copies of a notice of appeal to ERAC. ERAC received the mailing, which included a $75 filing fee intended for this court, on April 17, *Page 3 
2008. Linda Adams, an office assistant at ERAC, contacted appellant and informed him that ERAC is not responsible for forwarding the notice of appeal to the court or filing the fee. Adams returned the $75 to appellant by mail.
 {¶ 8} On April 18, 2008, the Director received, by certified mail, a copy of the notice of appeal ERAC received on April 17, 2008 (the "April 17, 2008 notice of appeal"). The notice did not contain a time stamp indicating that it had been filed with ERAC.
 {¶ 9} On April 21, 2008, ERAC received a second notice of appeal (the "April 21, 2008 notice of appeal"), which ERAC also filed. Counsel for the Director submitted an affidavit indicating that the Director never received a copy of the April 21, 2008 notice of appeal.
 {¶ 10} On May 14, 2008, the Director moved to dismiss this appeal. The Director argued that appellant failed to adhere to R.C. 3745.06. Specifically, the Director argued that appellant's attempt to file the April 17, 2008 notice of appeal was "unsuccessful." The Director also argued that the April 21, 2008 notice of appeal was improper because appellant did not send a copy of that notice via certified mail to the Director. Therefore, according to the Director, this court lacks jurisdiction to hear this appeal.
 {¶ 11} On June 9, 2008, appellant filed a reply to the Director's motion. In his reply, appellant stated that he had mailed the April 17, 2008 notice of appeal to this court and that it was returned to him with a note stating: "You need to mail this directly to the Environmental Review Board. We do not forward mail.-Clerk."
 {¶ 12} On June 23, 2008, pursuant to this court's sua sponte request pursuant to App. R. 9(E), the affidavit of Dennis Higgins was filed and served upon the parties. The *Page 4 
affidavit states that Higgins is employed in this court's clerk's office. Higgins confirmed that, on or about April 16 or 17, 2008, he opened mail from appellant, including a notice of appeal from the February 28, 2008 ERAC order. He also confirmed that he returned the notice, without filing it, to appellant because he believed that such an order had to be time-stamped by ERAC before filing with the court. Finally, Higgins confirmed that appellant appeared in the clerk's office on April 21, 2008, and filed the April 21, 2008 notice of appeal, which had first been time-stamped by ERAC.
 {¶ 13} On June 24, 2008, appellant filed a Second Reply Contra. On June 30, 2008, the Director filed a motion to strike appellant's second reply and the affidavit of Dennis Higgins.
 {¶ 14} Pursuant to App. R. 15, we deny the Director's motion to strike appellant's first Reply Contra. We grant the Director's motion to strike appellant's Second Reply Contra, however, as this second reply is untimely, repetitive, and unnecessary. Finally, as indicated in our journal entry supplementing the record on appeal to include the affidavit of Dennis Higgins, we deny the Director's motion to strike that affidavit. Instead, we conclude that the affidavit is critical to clarify the record on appeal and to resolve the Director's motion to dismiss. We note, too, that the Director similarly filed affidavits in support of his motion to dismiss.
 {¶ 15} To determine our jurisdiction, we begin with R.C. 3745.06. That section provides, in pertinent part:
 Any party adversely affected by an order of [ERAC] may appeal to the court of appeals of Franklin county * * * Any party desiring to so appeal shall file with the commission a notice of appeal designating the order appealed. A copy of the notice also shall be filed by the appellant with the court, and a copy shall be sent by certified mail to the director of *Page 5 
environmental protection unless the director is the party appealing the order. Such notices shall be filed and mailed within thirty days after the date upon which the appellant received notice from the commission by certified mail of the making of the order appeal. * * *
 {¶ 16} Here, appellant attempted to meet the requirements of R.C. 3745.06 by (1) mailing an original notice of appeal to ERAC for filing, (2) mailing a copy of that notice to this court for filing, and (3) mailing a copy, via certified mail, to the Director. As the affidavit of Dennis Higgins confirms, however, the clerk's office did not accept the notice of appeal for filing because Higgins believed that a time stamp from ERAC was required before this court could accept the notice. We disagree with this interpretation of the statute.
 {¶ 17} As the Director argues, this court and the Ohio Supreme Court have stressed that strict compliance with statutory filing requirements is a necessary precursor to jurisdiction. See, e.g., Hughes v. OhioDept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, ¶ 17 (construing R.C. 119.12); Kimble Clay Limestone v. Williams (Aug. 29, 1978), Franklin App. No. 78AP-320 (construing R.C. 3745.06). Important for our purposes here, compliance with R.C. 3745.06 thus requires (1) filing an original notice with ERAC, (2) filing a copy of that notice with this court, and (3) sending a copy of the notice by certified mail to the Director, all within 30 days.
 {¶ 18} R.C. 3745.06 does not, however, require that the notice filed with the court contain a time stamp from ERAC. That interpretation would require an appellant either to file the notice personally at ERAC and then at the court — a significant burden for appellants outside Franklin County — or to mail the original notice to ERAC, wait for the returned time-stamped copies, file one of the time-stamped copies with the court, and *Page 6 
then mail a time-stamped copy, via certified mail, to the Director, all within the 30-day deadline. We find nothing in the statute or in prior court opinions to impose such a burden upon an appellant.
 {¶ 19} In support of its contrary argument, the Director offers the Supreme Court's opinion in Hughes and this court's opinion in Smith v.Ohio Dept. of Commerce (Aug. 21, 2001), Franklin App. No. 00AP-1342. InHughes, the Supreme Court considered the filing requirements under R.C. 119.12. The court held that, if the state agency had properly served a certified copy of its order upon the appellant, the court still would have lacked jurisdiction because the appellant filed a copy of the notice of appeal, rather than the original notice of appeal, with the agency. In Smith, this court considered whether a notice of appeal sent to an agency by facsimile could be considered an original notice of appeal for purposes of R.C. 119.12. This court held that a facsimile is not an original under R.C. 119.12 and that, by failing to file an original notice of appeal with the agency, the appellant failed to comply with R.C. 119.12. Neither of these opinions discusses the precise question at issue here, i.e., whether R.C. 3745.06 requires that the copy filed with this court contain a time stamp showing that the original notice of appeal has been filed with ERAC. As we noted, we find no authority to impose this time-stamp requirement.
 {¶ 20} On these grounds, we conclude that the clerk's office should have accepted appellant's first notice of appeal for filing. Having before us evidence that the clerk's office precluded what would have been a timely filing, we conclude that appellant's attempted filing conferred jurisdiction upon this court as of April 17, 2008. SeeRhoades v. Harris (1999), 135 Ohio App.3d 555, 558-559; Ricart North,Inc. v. *Page 7 B.W. Towing, Inc. (May 25, 1999), Franklin App. No. 98AP-926. As jurisdiction was conferred at that time, we need not consider whether the April 21, 2008 notice of appeal met the statutory filing criteria. For all these reasons, we deny the Director's motion to dismiss appellant's appeal. We turn, then, to appellant's assignment of error.
 {¶ 21} First, we agree with the Director that appellant's brief does not conform to the Rules of Appellate Procedure. Nevertheless, we are able to discern the substance of appellant's arguments sufficiently for our purposes, primarily because ERAC's order addresses a single and straightforward issue. Therefore, in the interest of justice, we will consider appellant's appeal. In doing so, however, we limit our consideration to the evidence contained within the record and reject any attempt by appellant to introduce new evidence on appeal.
 {¶ 22} The sole issue before us is standing. Standing is a threshold jurisdiction issue that must be resolved before an appellant may proceed with an appeal to ERAC. New Boston Coke Corp. v. Tyler (1987),32 Ohio St.3d 216, 217.
 {¶ 23} R.C. 3745.07 provides that, if the director issues a permit without issuing a proposed action, as the Director did here, then "any person who would be aggrieved or adversely affected" by the permit may appeal to ERAC. In addition, this court has held that "basic to the establishment of standing is that the challenged action has caused, or will cause, the appellant injury in fact, economic or otherwise, and that the interest sought to be protected is within the realm of interests regulated or protected by the statute." Franklin Cty. RegionalSolid Waste Mgt. Auth. v. Schregardus (1992), 84 Ohio App.3d 591, 599. Here, the Director argues that appellant is not aggrieved or adversely *Page 8 
affected and that the interest appellant seeks to protect is not within the realm of interests regulated by the statutes at issue.
 {¶ 24} In his memorandum in opposition to the Director's motion to dismiss filed before ERAC and his subsequent Lack of Standing Summary, appellant attempted to identify several broad bases for establishing standing to appeal the permit at issue. He also submitted numerous documents in support. Considering all these materials together, we have discerned the following.
 {¶ 25} Appellant is engaged in a multi-faceted battle against current plans for development of public sewers in the area immediately surrounding his property. He has engaged in a long-standing dispute with government planning agencies, especially the Northeast Ohio Four County Regional Planning Development Organization ("NEFCO"), over area-wide planning conducted pursuant to requirements in federal law. He has apparently attacked both the planning process and the plans themselves on, at least, the following fronts: (1) the Summit County Court of Common Pleas (see Helms v. Northeast Ohio Four Cty. Regional Planning Dev. Org., Summit App. No. 23526, 2007-Ohio-3059 [affirming trial court's dismissal of appellant's attempted appeal from NEFCO's recommendation for plan approval]); (2) the Governor (through a "Petition of Redress"); (3) the Ohio Environmental Protection Agency ("Ohio EPA") (see September 2006 "Ohio EPA Responsiveness Summary for Public Comments Received Regarding the Proposed State Water Quality Management Plan, including updates to the State and Areawide Agency 208 Plans," attached to appellant's memorandum in opposition to motion to dismiss); and (4) ERAC (see Helms v. Korleski, ERAC case No. 765966 [October 30, 2007 Order dismissing appellant's appeal from Governor's letter *Page 9 
certifying plan update]). The gist of appellant's attacks on this front appears to be that current planning is inconsistent with historical planning, which he or a member of his family may have had some part in proposing.
 {¶ 26} Appellant has also engaged in a dispute with local government officials over the actual construction of sewers in the area. SeeState ex rel. Helms v. City of Green, Summit App. No. 23534,2007-Ohio-2889 (affirming the trial court's grant of summary judgment against appellant in an action to suspend construction of a sanitary sewer project). The focus of this dispute appears to be alleged misuse of public money and, again, alleged inconsistency with prior long-term planning.
 {¶ 27} Finally, we have the matter before us. The Director issued the permit to Summit County, authorizing the county to install a wastewater disposal system consisting of a sanitary sewer, pump station, and force main for Massillon and Greensberg Roads. According to the county's application, the "project includes the installation of 4,475 feet of 12 inch and 8 inch sanitary sewer with manholes and appurtenances, 7,930 feet of 10 inch sanitary force main, and a sanitary pumping station including wetwell, submersible pumps, controls, valves, piping, meter, and building." The application indicates that "[i]t is very likely that future sewers will connect to this pump station." Id. The total projected cost of the project is just over $2 million. Ohio EPA's report on the detail plans for the project stated that the new sewer "will initially serve 84 properties and flow from an existing grinder pump station. Future connections to this pump station are very likely."
 {¶ 28} The Director issued the permit pursuant to R.C. 6111.03(J)(1), which authorizes the Director to "[i]ssue * * * permits for the discharge of sewage * * * or other *Page 10 
wastes into the waters of the state, and for the installation or modification of disposal systems or any parts thereof in compliance with all requirements of the Federal Water Pollution Control Act and mandatory regulations adopted thereunder." This same provision requires that any permit terms and conditions imposed must "be designed to achieve and maintain full compliance with the national effluent limitations, national standards of performance for new sources" and any other mandatory requirements under federal law or regulations. Id. Finally, R.C. 6111.03(J)(2)(b) requires the Director to deny a permit application if the Director "determines that the proposed discharge or source would conflict with an areawide waste treatment management plan adopted in accordance with section 208 of the Federal Water Pollution Control Act." See, also, Ohio Adm. Code 3745-42-04.
 {¶ 29} Here, appellant alleges that the issuance of the permit is inconsistent with area-wide planning, in violation of R.C. 6111.03(J)(2)(b). ERAC found, however, that appellant failed to demonstrate that the permit conflicts with an area-wide plan currently in effect. We agree. None of the evidence before ERAC shows the manner in which the Summit County permit is inconsistent with any provision of an area-wide plan. While appellant's submissions state that the permit conflicts with prior planning, and appellant's brief is replete with similar allegations, appellant has submitted nothing substantive from these prior plans for comparison. As ERAC concluded, "[a]ppellant presented no authenticated documents, testimony, depositions, legal citations or case law to support his argument."
 {¶ 30} Appellant also alleged that the permit was issued in violation of a pending "Petition of Redress" before the Governor and a local referendum petition. As ERAC *Page 11 
concluded, however, appellant offered no legal authority to support his argument that these petitions precluded the Director from acting, nor have we found any.
 {¶ 31} Appellant also alleged that issuance of the permit usurped his rights under R.C. 6117, which authorizes a board of county commissioners to construct and maintain sanitary or drainage facilities and to undertake sanitary facility improvements. See R.C. 6117.01(B),6117.06(A). As ERAC concluded, however, appellant's concern about future county action that may or may not occur is "far too speculative to establish standing in this action." Moreover, this concern is not within the realm of interests to be regulated or protected under laws and regulations applicable to the Director's issuance of the permit.
 {¶ 32} Finally, and perhaps most importantly, we agree with ERAC's conclusion that, even if appellant's allegations were correct, he has failed to prove that he is aggrieved or adversely affected by the Director's issuance of the permit, as required by R.C. 3745.07. His Lack of Standing Summary does contain the following:
 * * * This pump station is going across the street from Helms' home vs. the engineering preferred and previously parceled property about 800 feet downwind. This devaluation can only be speculated but is real. It puts in shambles any concept of regional planning.
 {¶ 33} In other contexts, Ohio courts have held that a diminution in property value may confer standing. See, e.g., Jenkins v.Gallipolis (1998), 128 Ohio App.3d 376, 383 (in an appeal pursuant to R.C. 2506, holding that an assertion of diminished property value due to increased traffic from a proposed Wal-Mart store was sufficient to raise standing); Westgate Shopping Village v. Toledo (1994),93 Ohio App.3d 507, 514 (holding that "evidence that the value of an appellant's property may be reduced by the *Page 12 
enactment of a zoning ordinance will support a finding that an appellant was directly affected by the zoning ordinance"). But a mere allegation that property value has been or will be diminished is not sufficient to sustain an appellant's burden to prove standing.Jenkins at 383-384 (remanding for factual determination); Conkle v. S.Ohio Med. Ctr., Scioto App. No. 04CA2973, 2005-Ohio-3965, ¶ 16-17
(holding that, to prove standing under R.C. 713.13 based on theory of diminished property value, a plaintiff must present evidence of diminished value).
 {¶ 34} Here, appellant conceded before ERAC that any diminution in value that may result from installation of the pump station "can only be speculated." With no evidence of diminished property values before it, ERAC correctly concluded that appellant had failed to satisfy his burden of proof on these grounds.
 {¶ 35} Finally, in his reply brief and at oral argument, appellant alleged that installation of the facilities would create an odor problem on his property. Appellant's concern may result from his belief that the pump station will have a flow capacity of 1.6 million gallons. The permit issued by the Director, however, only authorizes a "pump station with an effective capacity of 4,993 gallons." In any event, appellant did not raise this issue before ERAC, nor did he raise the issues of "deteriorating water quality and quantity of Ditch, lost wetlands." Having failed to raise these issues below, he cannot raise them on appeal. State ex rel. Zollner v. Indus. Comm. (1993), 66 Ohio St.3d 276,278 ("[a] party who fails to raise an argument in the court below waives his or her right to raise it" on appeal). *Page 13 
 {¶ 36} For these reasons, we conclude that ERAC did not err in dismissing appellant's appeal for lack of standing. Accordingly, we overrule appellant's only assignment of error, and we affirm ERAC's order.
Motion to strike Reply Contra denied;
 motion to strike Second Reply Contra granted;
 motion to strike affidavit denied;
 motion to dismiss denied; and Order affirmed.
BRYANT and GREY, JJ., concur.
GREY, retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1