[Cite as *Paulsen v. Dennis* , 2010-Ohio-4579.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| CHARLES S. PAULSEN, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 09CA25 |
| | : | |
| vs. | : | **Released: September 20, 2010** |
| | : | |
| SHELLEY DENNIS, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

Charles Paulsen, Logan, Ohio, Plaintiff-Appellant, pro se.

Larry D. Wines, Mollica, Gall, Sloan & Sillery Co., L.P.A., Athens, Ohio,
for Defendant-Appellee.

_____

McFarland, P.J.:

{¶1}    Charles S. Paulsen, Plaintiff-Appellant, appeals the decision of the Hocking County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, Shelley Dennis.[1]  Paulson claims there was error below in that 1) the trial court improperly struck the affidavit of his expert witness; and 2) the trial court's decision violated a city zoning ordinance.  After a full review of the proceedings below, we overrule both assignments of error and affirm the trial court's decision.

---

[1] Paulsen mistakenly refers to himself as the appellee and to Dennis as the appellant in his brief.

## I. Facts

**{¶2}**     Paulsen and Dennis are neighbors whose properties are separated by an alley.  In 2005, Dennis constructed a drainage bed along the side of her house that borders the alley.  She was given verbal permission to do so by the Logan City Service Director.  In April 2008, Paulsen filed a nuisance complaint against Dennis, alleging that the drainage bed diminished the value of his property.

**{¶3}**     Dennis subsequently moved for summary judgment.  Attached to Paulson's memo contra was the "affidavit" of Robert Cecil.  Cecil stated in that document that the drainage bed had substantially devalued Paulsen's property.  Dennis moved to strike Cecil's statement, arguing that the document did not constitute an affidavit because it did meet the requirements of Civ.R. 56(E).  The trial court agreed, struck Cecil's statement from Paulsen's memo contra, and granted summary judgment in favor of Dennis. Paulson challenges that decision in the current appeal.

## II. Assignments of Error

First Assignment of Error

STRIKING OF THE AFFIDAVIT BY ROBERT CECIL.

Second Assignment of Error

DISMISSAL OF CASE CONTRARY TO LOGAN CITY CODE.

### III. First Assignment of Error

{¶4}     In his first assignment of error, Paulsen argues that the trial court erred in striking Robert Cecil's statement from Paulsen's memo contra. The appropriate appellate standard of review is abuse of discretion. See, e.g., *Madison Cty. Bd. of Commrs. v. Bell*, 12th Dist. No. CA2005-09-036, 2007-Ohio-1373, at ¶86; *Ohio Farm Bur. Fedn. v. Amos*, 5th Dist. No. 05 COA 031, 2006-Ohio-1512, at ¶41. Abuse of discretion is more than an error of judgment. Rather, it indicates that a ruling was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶5}     Affidavits are among the evidentiary materials that may be used to substantiate or contest a motion for summary judgment. But to qualify as an affidavit, certain requirements must be met. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). Additionally, R.C. 2319.02 states that "[a]n affidavit is a written declaration under oath * * *."

{¶6}    Paulsen asserts that Cecil's statement, attached to Paulson's memo contra, qualifies as in affidavit and, thus, the trial court erred in striking it.  The contents of Cecil's statement are presented below:

{¶7}    "To Whom It May Concern;

{¶8}    I have been active in the Real Estate industry for over 30 years.  It is my opinion that the encroachment of the Flower [sic] bed next door, into the alley, between the two properties will hinders [sic] the value of Mr. Paulsen's property about $10,000.00-$15,000.00.

{¶9}    Any future buyer that may have a larger vehicle or a boat, camper, trailer would have trouble getting them into the alley.  Thereby reducing the buyer pool.  This encroachment also reduces Mr. Paulsen's access for the same reasons mentioned above."

{¶10}   Following the text related above is Cecil's signature, a notary stamp, the date, and the signature of the notary.

{¶11}   We agree with the trial court that this statement does not constitute an affidavit.  As both the trial court and Dennis note, though the document contains a notary seal and stamp, and the signatures of Cecil and the notary, nowhere does the document state that Cecil made the statements under oath or that he made the statements to the best of his knowledge, information and belief.  The document also fails to state that the notary

witnessed Cecil's signature.  In very similar circumstances, the Supreme

Court of Ohio has found that such a document is not an affidavit.  *Moss v.*

*Bush*, 104 Ohio St.3d 1443, 819 N.E.2d 1125, 2004-Ohio-7119 (Table, No.

2004-2088).  See, also, *Occhionero v. Cox*, 8th Dist. No. 92334, 2009-Ohio-

3891, at ¶7.

{¶12}   Because Cecil's statement does not qualify as an affidavit, the

trial court did not abuse its discretion in striking it from Paulsen's memo

contra.  Accordingly, we overrule Paulsen's first assignment of error.

### IV. Second Assignment of Error

{¶13}   Paulson's second assignment of error is that the trial court's

decision to grant summary judgment in favor of Dennis was contrary to

Logan City Code.  But as will be shown below, Paulson lacks standing to

assert this assignment of error.

{¶14}   R.C. 713.13 governs when a person may bring suit for a

violation of a zoning ordinance:

{¶15}   "No person shall erect, construct, alter, repair, or maintain any

building or structure or use any land in violation of any zoning ordinance or

regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the

Revised Code, or Section 3 of Article XVIII, Ohio Constitution.  In the

event of any such violation, or imminent threat thereof, the municipal

corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation."

{¶16}   Under R.C. 713.13, the party seeking relief bears the burden of showing that he or she would be "especially damaged." *Conkle v. S. Ohio Med. Ctr.*, 4th Dist. No. 04CA2973, 2005-Ohio-3965, at ¶13.  Though evidence of diminished property value is enough to establish special damage in the context of R.C. 713.13, a party lacks standing under the statute when he or she fails to present such evidence.  Id. at ¶14.

{¶17}   In the case sub judice, Paulson has failed to produce admissible evidence that the drainage bed has diminished his property value. Dennis' expert witness, Katie Perez, stated that the drainage bed has no negative impact on the value of Paulson's property.  And in his deposition testimony, even Paulson's expert witness, Robert Cecil, indicated that there was no diminution.  He testified as follows:

{¶18}   "Q.  Okay.  And, again, setting aside, you know, theoretical or hypothetical vacations and closings are the alleyway, then what impact does the drainage bed have on Mr. Paulson's property as it currently stands?"

{¶19}   "A.  As it currently stands, it really doesn't have any."

{¶20}   "Q.  Okay."

{¶21}   "A.  Because there is enough room that he can get by that to get back to his garage.  But if it was extended on back across from his garage, then, no, there wouldn't be enough room."

{¶22}   "Q.  Okay.  But as it currently is, but as it currently is, there's no negative impact on Mr. Paulson's property; is that your opinion?"

{¶23}   "A.  Other than encroaching other property, yes."

{¶24}   Accordingly, the only assertion of a diminution in value is the purported "affidavit" of Robert Cecil that was attached to Paulson's memo contra.  As already shown in our analysis of Paulson's first assignment of error, that document does not constitute a valid affidavit.  Accordingly, all the evidence properly before the trial court showed that there was no diminution in the value of Paulson's property.  As such, he lacks standing to challenge Dennis' drainage bed on the basis that it violates a zoning ordinance.

## V. Conclusion

{¶25}   After reviewing the record below, we find that neither of Paulson's assignments of error are warranted.  Because Robert Cecil's statement was not properly sworn, it does not constitute a valid affidavit.  As such, the trial court was correct in striking it from the record.  Further,

because Paulson failed to present admissible evidence that the value of his property was diminished by the installation of the drainage bed, he lacks standing to bring suit under R.C. 713.13.  Accordingly, we overrule both of his assignments of error and affirm the decision of the court below.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Harsha, J. Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**